UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COINDELL BRYANT | CIVIL ACTION |
| VERSUS | NO. 22-1559 |
| WARDEN SENSEBE | SECTION "H" (2) |

## ORDER AND REASONS

On June 10, 2022, the court denied plaintiff Coindell Bryant's application to proceed *in forma pauperis* pursuant to the "three strikes" rule in 28 U.S.C. § 1915(g), which bars a plaintiff from bringing a civil action as a pauper under § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury. ECF No. 9. Bryant, citing FED. R. APP. PROC. 27(b), seeks reconsideration of that order and the appointment of counsel to prove that there is a real and proximate threat of imminent danger. ECF No. 10.

As an initial matter FED. R. APP. PROC. 27(b) addresses the form and substance of motions filed in a federal appellate court and does not apply to this district court proceeding. Setting that aside, in applying the three-strikes rule, a court must assess whether a plaintiff is exposed to imminent danger of serious injury at the time that he filed his pauper motion.[1] To satisfy the imminent danger requirement of § 1915(g), the threat must be "real and proximate."[2] This means that the harm must be imminent or occurring at the time the complaint is filed, and the plaintiff

---

[1] *Choyce v. Dominguez*, 160 F.3d 1068, 1071 (5th Cir. 1998) (citing *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998)).
[2] *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted).

must refer in the complaint to a "genuine emergency" where "time is pressing."[3]  In addition, a claim of imminent danger *must* relate to the allegations within the complaint being filed.[4]

In his complaint, Bryant sued Warden Sensebe of the St. Bernard Parish Jail ("SBPJ"), where he is housed, alleging that he was denied access to the courts through what he describes as an inadequate law library and lack of current or other legal research materials at the SBPJ.  ECF No. 4, ¶IV, at 6.  Therefore, his claims address only his dissatisfaction with the jail's law library and legal materials.  His claims do not involve any physical component much less the imminent danger of serious physical injury to meet the exception to § 1915(g)'s three-strikes rule.

As this court previously found, Bryant is a prolific filer who, while incarcerated, has filed at least three prior civil rights complaints or appeals in the federal courts that were dismissed as frivolous and/or for failure to state a claim for which relief could be granted.  *See Bryant v. Rogers*, Civ. Action 04-2582-PM (W.D. La. Oct. 24, 2005) (ECF No. 9) (dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Bryant v. Travis*, Civ. Action 07-1409"A"(3) (E.D. La.) (dismissed as frivolous under § 1915(e)(2)(B) and 28 U.S.C. §1915A(b)(1)) (ECF No. 7); *Bryant v. Goss*, App. No. 08-30872 (5th Cir. 2009) (appeal dismissed as frivolous) (App. Rec. Doc. No. 37).  Bryant, therefore, has accumulated three strikes under § 1915(g) and is prohibited from proceeding as a pauper in this civil action.  Accordingly,

**IT IS ORDERED** that Bryant's Motion for Reconsideration (ECF No. 10) is **DENIED**.

New Orleans, Louisiana this  29th  day of June, 2022.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[3] *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (citation omitted).
[4] *Judd v. Federal Election Comm.*, 311 F. App'x 730, 731 (5th Cir. 2009).